UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DELPHINE C. LATHON WOODS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:14cv00039 HEA |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
| Defendant. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's request for judicial review under 28 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq* and for Supplemental Security Income. For the reasons set forth below, the Court will affirm the Commissioner's denial of Plaintiff's applications.

### **Facts and Background**

Plaintiff was 48 years old at the time of the hearing. She has a limited education. Plaintiff had been employed as a cleaner, sweeper, working on street cleaning, factory work as a packer, laundry and dry cleaning work. There was also evidence that Plaintiff had abused illegal narcotics in the past and up to around

2009, according to her testimony.  She also testified she had been incarcerated for possessing drug paraphernalia. Plaintiff lives in an apartment with her husband, who himself receives benefits. She has a friend who helps her clean the apartment, do dishes, do laundry, and transport to various places as needed.

Plaintiff provided additional testimony that she experiences depression and sometimes sees and hears things, as well as feeling paranoid sometimes.  She can only sit for about 20 minutes at a time due to back pain she experiences. She can only stand in one location for about 30 minutes due to back pain as well. Plaintiff testified she can only walk 5 minutes before needing a break and cannot lift a gallon of milk.  Furthermore she has memory problems and her legs ache all the time.

The ALJ found Plaintiff had the severe impairments of degenerative disc disease of the lumbar spine, obesity, depression, and anxiety.  The ALJ found that she did not have an impairment or combination of impairments listed in or medically equal to one contained in 20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926.

A vocational expert testified in order to assist the ALJ in reaching a decision. The ALJ made inquiry of whether any occupation existed in significant numbers for a hypothetical person of Plaintiff's age, education, and work experience who could perform medium work in combination jobs except that she

would be limited to never climbing ropes, ladders, or scaffolds and only occasionally climbing ramps and stairs as well as being limited work that is not routine or repetitive work. Considering the testimony in response to that inquiry the ALJ determined that Plaintiff retained the RFC to perform medium work, but was limited to jobs involving only routine repetitive tasks and that the Plaintiff should never climb ropes, ladders or scaffolds but is able to climb ramps and stairs as well as kneel, crouch, and crawl. The ALJ also found that Plaintiff's impairments would not preclude her from performing work that exists in significant numbers in the national economy, including work as a Kitchen helper (504, 208 jobs nationally and 9,830 jobs in Missouri), a Housekeeper cleaner (877, 980 jobs nationally and 19,790 jobs in Missouri). Therefore, the ALJ found that Plaintiff was not disabled. The Appeals Council denied her request for review on November 15, 2013 and the ALJ's decision stands as the final decision for review by this court.

**Statement of Issues**

The general issues in a Social Security case are whether the final decision of the Commissioner is consistent with the Social Security Act, regulations, and applicable case law, and whether the findings of fact are supported by substantial evidence on the record as a whole. In this proceeding the specific issues are

whether the ALJ appropriately considered the medical opinion evidence of record and whether the ALJ evaluated the credibility of Plaintiff .

## Standard For Determining Disability

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); McCoy, 648 F.3d at 611. At Step Two, the

ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); McCoy, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a)(1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a) (4) (iv), 404.1520(f), 416.920(a) (4) (iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next

step. Id... At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Id.; Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

**RFC**

A claimant's RFC is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the

claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

A claimant's subjective complaints may not be disregarded solely because the objective medical evidence does not fully support them. The absence of objective medical evidence is just one factor to be considered in evaluating the claimant's credibility and complaints. The ALJ must fully consider all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:

(1) the claimant's daily activities;

(2) the subjective evidence of the duration, frequency, and intensity of the claimant's pain;

(3) any precipitating or aggravating factors;

(4) the dosage, effectiveness, and side effects of any medication; and

(5) the claimant's functional restrictions.

The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the claimant's complaints. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir.2005). "It is not enough that the

claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

A claimant's subjective complaints may not be disregarded solely because the objective medical evidence does not fully support them. The absence of objective medical evidence is just one factor to be considered in evaluating the claimant's credibility and complaints. The ALJ must fully consider all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:

(1) the claimant's daily activities;

(2) the subjective evidence of the duration, frequency, and intensity of the claimant's pain;

(3) any precipitating or aggravating factors;

(4) the dosage, effectiveness, and side effects of any medication; and

(5) the claimant's functional restrictions.

The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the claimant's complaints. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir.2005). "It is not enough that the

record contains inconsistencies; the ALJ must specifically demonstrate that he considered all of the evidence." Id. The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir.2004). The ALJ need only acknowledge and consider those factors. *Id*. Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir.1988). The burden of persuasion to prove disability and demonstrate RFC remains on the claimant. *See Steed v. Astrue*, 524 F.3d 872, 876 (8th Cir. 2008).

**ALJ Decision**

The ALJ here utilized the five-step analysis as required in these cases. At Step One, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity during the period from her alleged onset date of October 1, 2010. The ALJ found at Step Two that Plaintiff had the severe impairments of degenerative disc disease of the lumbar spine, obesity, depression, and anxiety.

At Step Three, the ALJ found that Plaintiff did not suffer from an impairment or combination of impairments that met or medically equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520 (d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

As required, prior to Step Four, the ALJ determined the Residual Functional Capacity of Plaintiff to perform medium work except she is limited to jobs involving only routine repetitive tasks.  The ALJ further concluded the Plaintiff should never climb ropes, ladders or scaffolds but is able to climb ramps and stairs as well as kneel, crouch and crawl.

At Step Four it was the finding of the ALJ that Plaintiff was unable to perform any past relevant work.

Finally, at Step five, the ALJ found, considering Plaintiffs' age, education, work experience, and residual functional capacity,  that Plaintiff could perform other work that existed in significant numbers in the national economy. The ALJ, therefore, found Plaintiff not disabled, and denied the benefits sought in her Applications.

**Standard For Judicial Review**

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'"  *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d

520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Id*. However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" Id. (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)). The Court should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006). The Eighth Circuit has repeatedly held that a court should "defer heavily to the findings and conclusions" of the Social Security Administration. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

### Discussion

A. Did the ALJ Properly consider the Medical Opinions of Record?

The essence of Plaintiff's position on this query is that the ALJ improperly evaluated the opinions by Drs. Raza and Mannis. The record demonstrates that the ALJ gave sufficient and sustainable reasons for the weight accorded.

It is axiomatic that "[a] treating physician's opinion is given controlling weight if it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [a claimant's] case record." *Tilley v. Astrue*, 580 F.3d 675, 679 (8th Cir. 2009 (quoting 20 C.F.R. § 404.1527(d)(2))(alteration in original). "[S]uch an opinion does not automatically control because the [ALJ] must evaluate the record as a whole." *Wagner v. Astrue*, 499 F.3d 842, 849 (8th Cir. 2007). The opinion of a treating physician is "generally given controlling weight, but is not inherently entitled to it." *Travis v. Astrue*, 477 F.3d 1037, 1041 (8th Cir. 2007) quoting *Hacker v. Barnhart*, 459 F.3d 934, 937 (8th Cir. 2006). Having said that, "'an ALJ may grant less weight to a treating physician's opinion when that opinion conflicts with other substantial medical evidence contained within the record." *Id*. (quoting *Prosch v. Apfel*, 201 F.3d 1010, 1013-14 (8th Cir. 2000)); see also 20 C.F.R. § 404.1527(d) (listing factors to be evaluated when weighing opinions of treating physicians, including supportability and consistency).

The ALJ granted great weight to the treatment records and reports of Rolf Krojanker, M.D., the office reports and records of Dr. Raza, and the treating

physicians at Grace Hill Neighborhood Services, (Tr. 20). The ALJ granted little weight to Dr. Raza's opinion because it was inconsistent with his office notes, including GAF scores of 65 indicating only mild symptoms, and other medical and nonmedical evidence of record (Tr. 20). The record supports the ALJ's decision. An ALJ need not follow the opinion of the treating physician when it was not supported by this treatment notes. *See Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010).

Dr. Raza provided opinions in November 2011 and April 2012. In November 2011, Dr. Raza opined that Plaintiff had multiple marked limitations with respect to her activities of daily living and concentration, persistence, or pace Dr. Raza noted that Plaintiff's onset of disability dated back to 2008. However, as the ALJ properly noted, Dr. Krojanker treated Plaintiff until Dr. Raza took over in November 2011. Dr. Krojanker examined Plaintiff in August 2011, when he recommended that Plaintiff get a job, go to school, or get vocational training. Dr. Raza first examined Plaintiff on November 9, 2011. Dr. Raza stated that Plaintiff had moderate limitations with social functioning and that she could not interact with supervisors or the general public. Plaintiff, however, stated that she had no problem getting along with others, and she got along "very well" with authority figures.

Later in April of 2012 Dr. Raza observed that Plaintiff now had marked to extreme limitations with social functioning and concentration, persistence, or pace. She had primarily marked limitations with activities of daily living, although her ability to adhere to basic standards of neatness and cleanliness was moderately limited. Dr. Raza's treatment records show that Plaintiff was cooperative, calm, and oriented with coherent thought processes. He estimated her global assessment of functioning score at 65 in December 2011 and February 2012, indicating only mild symptoms. There are no notations of significant limitations with activities of daily living. Plaintiff described her ability as greater than those assessed by Dr. Raza. She noted she prepared simple meals, cleaned, did laundry, ironed, watched television, read, talked on the telephone, attended church, and went shopping.

Hopewell Center showed that Plaintiff was well groomed, cooperative, and coherent with good judgment and insight, normal memory, and no hallucinations or delusions. Dr. Krojanker noted good eye contact, good grooming, cooperative behavior, and logical thought processes. Dr. Sabrina Jordan-Childs, noted that although Plaintiff had a depressed affect, she was not anxious, she had normal knowledge, she denied hallucinations, she was not experiencing memory loss, her insight and judgment were normal, and she had normal attention span and concentration.

There were other medical records that observed Plaintiff to be negative for psychiatric symptoms and that her affect, mood and behavior were appropriate.

As to Dr. Mannis it was noted that Plaintiff could lift and carry up to 20 pounds occasionally, sit 30 minutes continuously for a total of six hours in an eight hour work day, stand 10 minutes for a total of one hour and walk 15 minutes continuously, for a total of one hour. Mannis further concluded Plaintiff could occasionally operate foot controls, a motor vehicle, balance, stoop, kneel, and crouch, but not crawl or climb stairs, ramps, scaffolds, or ladders. There were no cervical spine motion issues noted. There was no upper extremity clubbing, cyanosis, or edema; a sensory examination was normal; straight leg raising was negative from the sitting and supine positions; and she claimed knee tenderness that was not specific to a location, but there was no significant crepitus or effusion. Range of motion testing was normal except for reduce lumbar spine flexion-extension. Dr. Mannis noted that Plaintiff's subjective complaints "far outweigh the objective physical findings".

The ALJ made no error in granting great weight to those opinions and records which were supported while granting little weight to the unsupported opinions. The ALJ found that Plaintiff maintained the RFC to perform medium work, except that she was limited to jobs involving only routine repetitive tasks.

The ALJ presented a proper hypothetical question to a qualified vocational expert, which reflected his RFC finding. The expert testified that the individual could perform work existing in significant numbers in the national economy. Because the hypothetical question accurately reflected the combination of Plaintiff's impairments as shown by the evidence and accepted as true by the ALJ, and captured the consequences of Plaintiff's limitations, the expert's testimony that Plaintiff could perform work existing in significant numbers in the national economy, constitutes substantial evidence in support of the ALJ's determination. *See Robson v. Astrue*, 526 F.3d 389, 392 (8th Cir. 2008).

B. Was the ALJ's Credibility Analysis Proper?

In *Polaski v. Heckler*, 751 F.2d 943 (8th Cir. 1984) the Eighth Circuit set out factors the Commissioner must consider in evaluating subjective complaints. The ALJ is not required to discuss each factor under Polaski in a methodical fashion before discounting Plaintiff's subjective complaints, so long as the ALJ acknowledged and considered those factors. *See Brown v. Chater*, 87 F.3d 963, 966 (8th Cir. 1996). The ALJ recognized the factors that must here be considered and provided a proper analysis.

An ALJ may discount a claimant's subjective complaints for, among other reasons, that he appeared to be motivated to qualify for disability benefits. *See Gaddis v. Chater*, 76 F.3d 893, 896 (8th Cir. 1996) (strong element of secondary

gain noted by the ALJ and court); *Dodd v. Sullivan*, 963 F.2d 171, 172 (8th Cir. 1992). The ALJ properly noted Plaintiff's poor work record, her inconsistent statements, the lack of supporting objective medical evidence, Plaintiff's positive response to medication, physician notes indicating that she should get a job or go to school, notes that reflect she only gave "fair" effort, vague symptom descriptions, and normal examination findings.

The evidence indicates that Plaintiff's back and knee pain improved with medication shortly after the accident. Impairments which are controllable or amenable to treatment do not support a finding of total disability. *See Hutton v. Apfel*, 175 F.3d 651, 655 (8th Cir. 1999).

The ALJ's credibility analysis was based upon the evidence of record and adequately articulated. The determination regarding the claimant's credibility is largely left to the ALJ. *See Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003); *Pearsall v. Massanari*, 274 F.3d 1211, 1218 (8th Cir. 2001). "ALJ is in the best position to gauge the credibility of testimony and is granted deference in that regard." *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002). The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts. *See Pearsall v. Massanari*, 274 F.3d 1211, 1218 (8th Cir. 2001).

## Conclusion

After careful review, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole. The decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is affirmed.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 1st day of December, 2014.

_____
　　HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE